# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CRAIG GENTRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:12-cv-01825-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412**<br><br>(Doc. 20) |

## I. INTRODUCTION

On November 6, 2012, Plaintiff Jonathan Craig Gentry ("Plaintiff") filed a complaint seeking judicial review of an Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security benefits. (Doc. 2.) On November 26, 2013, the Court issued an order reversing the ALJ's decision and the case was remanded to the agency. (Doc. 17.) On February 24, 2014, Plaintiff filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20.) Defendant filed an opposition brief, and Plaintiff filed a reply brief. (Docs. 23, 24.) On May 15, 2014, the Court ordered Plaintiff to supplement his EAJA application. (Doc. 25.) On May 20 and 21, 2014, Plaintiff filed supplemental declarations of his counsel in support of his EAJA application. (Docs. 26-28.)

For the reasons set forth below, Plaintiff's petition for an award of EAJA fees and costs is GRANTED in the amount of $9,761.39.

## II. BACKGROUND[1]

The ALJ determined that Plaintiff was not fully credible. (AR 17.) However, the ALJ failed to state clear and convincing reasons to reject Plaintiff's testimony regarding his psychiatric symptoms. The ALJ also rejected portions of Dr. Martin's and Dr. Kalman's opinions, but the Court determined the ALJ's reasons for doing so were not specific and legitimate. For these reasons, the matter was remanded to the ALJ for renewed consideration. (Doc. 17.)

On February 24, 2014, Plaintiff filed a petition for attorney fees and expenses under the EAJA. (Doc. 20.) On March 26, 2014, the Acting Commissioner of Social Security ("Defendant" or "Commissioner") filed an opposition brief asserting the fees Plaintiff requested are unreasonable and should be reduced. On April 16, 2014, Plaintiff filed a reply brief. (Doc. 24.) On May 20 and 21, 2014, Plaintiff filed supplemental declarations in support of his EAJA application. (Docs. 26-28.)

## III. DISCUSSION

A.  **Legal Standard**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and other expenses:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and must include "an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the application is also required to allege that the position of the United States was not substantially

---

[1] The facts of the case were set forth in detail in the Court's November 26, 2013, order. (Doc. 17.)

justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

**B.     Plaintiff is Entitled to An Award of EAJA Fess and Other Expenses**

As an initial matter, Plaintiff has met the statutory criteria to be eligible for an EAJA award of fees and other expenses. A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993). A party who obtains a sentence four remand in a social security appeal is a prevailing party for purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that he was a prevailing party for purposes of the appeal because the Court issued an order remanding the case and entered judgment in Plaintiff's favor. (Doc. 20, 2:16-25.) The Commissioner does not dispute this. Plaintiff further asserts that his net worth as an individual was not more than $2,000,000 at the time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B), and that the Commissioner's agency and litigation positions were not substantially justified; the Commissioner does not dispute this. (Doc. 20, 3:2-8; 4:22-6:6.) Plaintiff is entitled to an award of his reasonable attorneys' fees and expenses.

**C.     Reasonableness of the Requested Fees**

Plaintiff seeks an award of $10,003.42 in fees and costs pursuant to the EAJA. (Doc. 20-1, p. 1.) The Commissioner asserts the requested fees are unreasonable. (Doc. 23, 2:11-5:25.) Plaintiff filed a reply brief in response to the Commissioner's opposition, and set forth a supplemental EAJA request for 3.6 hours of attorney time spent preparing the reply brief. (Doc. 24, 4:6-11.)

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were

3

reasonably expended in the litigation."  *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'"  *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).  The applicant bears the burden of demonstrating the reasonableness of the fee request.  *Blum*, 465 U.S. at 897.

### 1. Time Expended on Briefing

As it pertains to hours expended on this litigation by Plaintiff's counsel, the original EAJA application seeks attorneys' fees for a total of 53.4 hours of work performed by three attorneys at Dellert Baird Law Offices, PLLC.  (Doc. 20-1, p. 1, *see also* Docs. 26-28.)

#### a. Simplicity of Issued Briefed and Duplicative Work

The Commissioner argues Plaintiff's counsel's time spent on the litigation was excessive and out of proportion to the time expended by counsel in average social security appeal litigation. The Commissioner notes Plaintiff's counsel spent 3.2 hours drafting the confidential brief and 40.7 hours drafting the opening brief.  The Commissioner asserts counsel's time expended on the opening brief should be reduced by 20 hours because the brief addressed only three routine issues, the procedural history of this case is straightforward, and the administrative record was only 355 pages long, including only 140 pages of medical evidence.  (Doc. 23, 3:12-4:10.)  Additionally, the Commissioner notes Plaintiff's counsel's work on the opening brief included 16.2 hours of time to "review, revise, and edit the brief, define terms, and finalize tables."  The Commissioner asserts the time spent reviewing and revising the opening brief was excessive give that a substantial portion of the opening brief was similar to the confidential brief.

Plaintiff argues that, although the Commissioner contends this case is routine, each case is driven by its own unique set of facts, which in this case required time for counsel to draw from the record.  (Doc. 24, 1:23-2-17.)  Plaintiff notes that counsel was required to "draw out facts from the evidence that the ALJ ignored or glossed over . . . [and a]lthough it took a significant amount of time for counsel to do this work, counsel's time and effort was not wasted because it was needed to win a remand in this case."  (Doc. 24, 2:6-17.)  Plaintiff also maintains that the arguments made in the confidential brief were significantly revised and altered for purposes of inclusion in the

4

opening brief. According to Plaintiff, the mere fact that the Commissioner believes such revision to the confidential brief was not necessary does not establish that Plaintiff's counsel's time spent in this manner was unreasonably duplicative. (Doc. 24, 2: 21-3:3.)

To account for the fact that the administrative record was not of significant length, the issues were not particularly complex, and because there is always some duplicative effort in drafting the confidential brief and the opening brief, a 10 percent "haircut" of counsel's time spent reviewing the record, researching issues, and drafting the confidential and opening briefs is warranted. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008). Plaintiff's counsel expended a total of 43.9 hours researching, drafting, and reviewing work on the confidential and opening briefs, all of which was completed in 2013. Thus, the Court will reduce 4.3 hours of counsel's time from the hours expended in 2013.

### b.     Degree of Plaintiff's Success

The Commissioner contends 6.4 hours spent only on the credibility section of the opening brief was excessive given that the Court rejected several of Plaintiff's credibility arguments. (Doc. 23, 4:25-2:2.) Plaintiff responds that, although several of his arguments were rejected, all arguments within the credibility section arose out of the same nucleus of facts and thus the credibility decision cannot be viewed as one on a discrete set of credibility "claims."

In *Hensley*, the Supreme Court acknowledged that fees should be reduced where a plaintiff has pursued unsuccessful claims unrelated to the successful claim upon which the award of fees is premised. 461 U.S. at 434-35. However, where the successful and unsuccessful claims are related, the court should focus on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. The Court described circumstances that would justify awarding fees in full, despite only partial success:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for a reduced fee. The result is what matters.

*Id.*

In this case, the Court rejected certain arguments Plaintiff made with respect to the ALJ's assessment of Plaintiff's credibility.  Nonetheless, the Court ultimately determined that the ALJ's credibility analysis required reconsideration.  The unsuccessful arguments did not pertain to an unrelated claim – they all involved the ALJ's credibility assessment.  The fact that Plaintiff was only successful on one argument, rather than on all his assertions regarding the ALJ's credibility assessment, does not change the overall degree of success as the entire matter was remanded for renewed consideration of Plaintiff's credibility.  Therefore, the fact that Plaintiff did not prevail on all his arguments regarding the ALJ's credibility assessment is not a sufficient justification to reduce the fee award.

### c.  Clerical Work

The Commissioner argues that Plaintiff's counsel's time should be reduced by .6 of an hour for time spent on clerical work that is not compensable under the EAJA.  (Doc. 23, 5:3-12.)  Specifically, the Commissioner contends Plaintiff's counsel spent .4 of an hour to prepare and serve documents on November 21, 2012, in addition to .5 of an hour spent preparing these documents on November 5, 2012; Plaintiff's counsel also spent 1.4 hours to finalize and file the opening brief.  The Commissioner asserts that serving and filing documents are non-compensable clerical tasks.

"[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).  For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA. *Jones v. Metropolitan Life Ins. Co.,* 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (disallowing as clerical work time billed for filing or retrieving electronic documents); *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, No. 2:09-cv-05672-SVW-PJW, 2012 WL 5272281, at *12 (C.D. Cal. Oct. 18, 2012) (disallowing as clerical work time spent e-filing documents with the court).

The Court finds that the following tasks are either clerical in nature or the billing description is insufficient to determine whether they are clerical tasks or otherwise compensable

and reasonable:

| Date | Time Spent | Reduction | Description |
|---|---|---|---|
| 11/21/12 | 0.4 | (0.4) | Prepared and Served Documents |
| 06/25/13 | 1.4 | (0.2) | Opening Brief: Finalize and file |
| **Total Reduction** | | **0.6 hours** | |

The description for the time spent on June 25, 2013, is not specific as to how much time was spent "finalizing" the opening brief, which is not clerical work, as opposed to time spent to "file" the brief, which is clerical work. As such, the Court will reduce the time spent on June 25, 2013, by 0.2 of an hour. As for the time spent on November 21, 2012, the Court agrees with the Commissioner that this is duplicative of the time spent on November 5, 2012, to prepare the complaint, the IFP document, a proposed order, and a civil cover sheet. In addition, the time expended on November 21, 2012, appears clerical in nature, involving the service of documents. As such, the Court will reduce 0.4 of an hour of time counsel expended on November 21, 2012, and 0.2 of an hour of time expended on June 25, 2013.

### d.   Fees For Work on the EAJA Reply Brief

Plaintiff seeks fees for an additional 3.6 hours of time expended for preparation of a reply brief. (Doc. 24, 4:6-11.) In her opposition, the Commissioner notes that any time spent preparing a reply brief must be reasonable; the Commissioner argues that awarding fees for a lengthy and unreasonable EAJA reply brief would simply reward Plaintiff's counsel for increasing the total hours and fees in this case. (Doc. 23, 5:18-25.) The Commissioner did not request to file a sur-reply after Plaintiff submitted a supplemental EAJA fee request along with his reply brief.

The 3.6 hours of time spent preparing a reply brief is reasonable. The Commissioner presented several issues in opposing Plaintiff's EAJA application to which Plaintiff responded. The Court finds no reason to reduce the time expended by Plaintiff's counsel in reviewing the Commissioner's opposition and drafting a reply brief.

### 2. Hourly Rates

Plaintiff requests $184.32 per hour for work performed by his counsel in 2012 and $187.02 for work performed by counsel in 2013 and 2014, which are the applicable statutory maximum hourly rates under the EAJA for attorney work performed during those years, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. Plaintiff provided supplemental declarations from his counsel establishing counsel's bar membership and years of legal experience. (Docs. 26 -28.) The requested hourly rates are not opposed by the Commissioner (*see* Doc. 21, 2:20-21), and the Court does not find any basis to recommend a reduction to the hourly rate requested.

### 3. Conclusion

For the reasons set forth above, the Court finds that a reduction of 4.9 hours of work performed by Plaintiff's counsel is warranted. The remainder of Plaintiff's fee request is reasonable and shall be awarded, including an additional 3.6 hours of time Plaintiff's counsel expended preparing an EAJA reply brief. Accordingly, Plaintiff's petition for EAJA fees is granted as follows:

| Year | Time Spent | Reduction | Rate | Total |
|---|---|---|---|---|
| 2012 | 1.2 hours | 0.4 | $184.32 | $147.46 (0.8 x 184.32) |
| 2013, 2014 | 52.2 + 3.6 | 4.5 (4.3 + 0.2) | $187.02 | $9,594.13 (51.3 x $187.02) |
|  | **Total:** | **4.9 hours** |  | **$9,741.59** |

### D. Costs

Plaintiff seeks $19.80 in mailing expenses, which the Commissioner does not oppose. Mailing expenses in the amount of $19.80 are reasonable and properly awarded under the EAJA. 28 U.S.C. § 2412(a)(1) (EAJA allows prevailing party to recover costs as enumerated in 28 U.S.C. § 1920); *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986) (upholding EAJA award including costs for telephone calls, postage, air courier, and attorney travel expenses).

**E.     The Proper Payee Under the EAJA**

The Commissioner contends that any award under the EAJA must be made payable to Plaintiff, rather than to Plaintiff's counsel. Plaintiff's EAJA application states that the EAJA fees should be made payable to Plaintiff's counsel pursuant to the assignment Plaintiff executed; regardless of the payee, however, the check should be mailed to Plaintiff's attorney.[2]

The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). In *Ratliff*, the plaintiff's counsel successfully obtained Social Security benefits for the plaintiff in a civil action against the United States. *Id.* The district court granted the plaintiff's unopposed motion for EAJA fees, but before paying the fee award, the government discovered that the plaintiff owed the United States a debt that predated the award. The government sought an offset of the amount the plaintiff owed, and the plaintiff's counsel intervened, asserting that the fees awarded belonged to the plaintiff's counsel, not to the plaintiff, and the fee award was thus not subject to an offset for the plaintiff's federal debts. The Supreme Court rejected this argument reasoning that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, not the litigant's attorney. *Id.* at 2527-29.

Pursuant to *Ratliff*, the plaintiff is normally awarded the fees, subject to any offset for applicable government debts. The Supreme Court noted, however, that although the government had a history of paying EAJA awards directly to attorneys in certain cases, it had discontinued that practice making direct payment to attorneys "only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id.* at 597.

Following *Ratliff*, courts in this circuit have ordered payment of EAJA fees directly to the plaintiff's counsel pursuant to the plaintiff's assignment of EAJA fees in a fee agreement, provided that the plaintiff has no debt that requires offset. *See, e.g., Blackwell v. Astrue*, No. CIV 08-1454

---

[2] Plaintiff executed an assignment in his fee agreement with his counsel: "I understand and agree that any EAJA fee is awarded as payment to Dellert Baird. I assign and award all of my rights to EAJA fees, costs and expenses to Dellert Baird, which firm may take whatever steps to have such fees awarded, paid, and mailed to the firm. I agree that if my attorney obtains an EAJA fee award, those fees are and shall be payable directly to my attorney and may be retained by my attorney to the extent permitted by law." (Doc. 20-2, p.1.)

9

EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).

Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements of the Assignment of Claims Act ("Act") and make payment directly to the plaintiff's counsel. *See Matthews v. Astrue*, No. CIV 11-290-TUC-LAB, 2013 WL 500955, at * 1 (D. Ariz. Feb. 11, 2013); *see also Smith v. Astrue*, No. C-10-4814 PJH, 2012 WL 3114595, at * 6 (N.D. Cal. July 31, 2012) ("Based on *Ratliff* and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to direct payment of the EAJA award and not Sackett.")

Here, while Plaintiff has assigned the right to receive EAJA fees to his attorney, the Commissioner has asserted she has not waived the requirements of the Anti-Assignment Act and contends there is no current information whether Plaintiff owes a federal debt. Under these factual circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff. However, if Plaintiff does not owe a government debt, this order shall not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment should the government waive the requirements of the Act.

## IV.   CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for attorney's fees and expenses under the EAJA is GRANTED;
2. Plaintiff is awarded $9,741.59 in fees and $19.80 in costs for a total award of $9,761.39;
3. The fee award shall be made payable to Plaintiff, and mailed to Plaintiff's counsel's office at P.O. Box 3757, Silverdale, WA, 98383;[3] and

---

[3] *See Shreves v. Colvin*, No. CV-11-8076-PCT (BSB), 2013 WL 4010993, at *5 (D. Ariz. Aug. 6, 2013) ("However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.")

4. If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of his interest in the fee award.

IT IS SO ORDERED.

Dated: **July 30, 2014**                                   **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE